UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARC E. SCHALK,

           **Plaintiff,**                      **CIVIL ACTION NO. 15-cv-12133**

            **v.**                          **DISTRICT JUDGE DAVID M. LAWSON**

**COMMISSIONER OF**                **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

           **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

       Plaintiff Marc E. Schalk seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to benefits.  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 18), Plaintiff has also filed a reply brief (docket no. 20).  The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 3.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.     RECOMMENDATION

       For the reasons that follow, it is recommended that the Court should GRANT Plaintiff's Motion for Summary Judgment (docket no. 15) and DENY Defendant's Motion for Summary Judgment (docket no. 18), and REVERSE and REMAND the decision of the Commissioner for further proceedings consistent with this Report and Recommendation.

## II.    PROCEDURAL HISTORY

Following a remand order from the District Court, on September 10, 2013, plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge (ALJ) Kathleen H. Eiler.  (Tr. 478-497.)  In a December 6, 2013 decision, for a second time the ALJ found that plaintiff was not entitled to benefits because he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  (Tr. 430.) The Appeals Council declined to review the ALJ's decision (Tr. 389-395), and plaintiff commenced this action for judicial review.  (Docket no. 1.)  The parties have filed cross motions for summary judgment.  (Docket nos. 15, 18.)

## III.   HEARING TESTIMONY AND MEDICAL EVIDENCE

This court has set out a detailed recitation of the facts with regard to plaintiff's medical record and the original hearing testimony in its previous report and recommendation.  *Schalk v. Comm'r of Soc. Sec.*, 10-13894, 2011 WL 4406824 (E.D. Mich. Aug. 30, 2011).  Having conducted an independent review of plaintiff's medical record and the original hearing transcript, the undersigned will incorporate these factual recitations by reference.  Since the remand order, plaintiff has testified in a second administrative hearing (Tr. 478-497) and has submitted additional medical evidence into the record (Tr. 650-732.)  To the extent it bears on this opinion, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

This case was before ALJ Eiler on remand from the Appeals Council pursuant to a remand from the District Court.  Pursuant to the District Court's remand order, the Appeals Council directed the ALJ to (i) consider and weigh all medical opinion statements; and (ii)

2

include adequate consideration of the claimant's limitations in concentration, persistence, or pace in his residual functional capacity.  (Tr. 416.)  Plaintiff, though counsel, amended his alleged onset date of disability to January 9, 2007.  Plaintiff was born on May 15, 1973, and was 33 years old on the alleged disability onset date, which is defined as a younger individual age 18-49. Plaintiff has a high school education and has past relevant work as a bus driver, janitor, security guard, and hospital cleaner.

The ALJ determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2010.  (Tr. 418.)  The ALJ next found that plaintiff had not engaged in substantial gainful activity since the amended onset date, January 9, 2007.  (*Id*.) Next, the ALJ concluded that plaintiff suffered from the following severe impairments: affective disorder and anxiety disorder.  (Tr. 419.)  The ALJ then found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 420.)  The ALJ then found that plaintiff had the residual functional capacity (RFC) to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform simple, routine, repetitive tasks with minimal changes in a routine work setting and no production rate pace work. The claimant can occasionally interact with supervisors, but should have no more than minimal superficial interaction with coworkers, and no interaction with the general public.

(Tr. 421.)  The ALJ then determined that plaintiff was unable to perform any past relevant work. (Tr. 428.)  Subsequently, in reliance on the VE's testimony, the ALJ determined that based on claimant's age, education, work experience, and RFC, plaintiff was capable of performing a significant number of jobs in the national economy.  (Tr. 429-430.)  Therefore, the ALJ found

that plaintiff was not disabled under the Social Security Act at any time from January 9, 2007, through the date of the decision.  (Tr. 430.)

## V.      LAW AND ANALYSIS

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.   Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).   Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which

the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     The impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If plaintiff's impairments prevented plaintiff from doing past work, the Commissioner, at step five, would consider plaintiff's RFC, age, education, and past work experience to determine if plaintiff could perform other work.  If not, plaintiff would be deemed disabled. *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).    This "substantial evidence" may be in the form of vocational expert testimony in

5

response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.    Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed for an award of benefits under sentence four because (1) the ALJ committed reversible error by failing to give proper weight to the treating sources' restrictions and limitations as required by the Remand Order; (2) the ALJ failed to consider the undisputed medical evidence and vocational testimony regarding plaintiff's panic attacks that foreclosed gainful employment.  (Dkt. 15, Pg ID 10-24.)

### 1.    Treating Source Rule

Plaintiff first argues that in her supplemental decision, ALJ Eiler failed to comply with the Remand Order when she did not abide by the procedural requirements of the treating source

rule and instead only provided a summary of the medical evidence and adopted the prior ALJ's findings and conclusions without providing any meaningful analysis.

As an initial matter, where the Appeals Council denies request for review of an ALJ's decision, this Court reviews the decision of the ALJ rather than the findings of the Appeals Council. 20 C.F.R. § 404.981.  Moreover, it is well-settled that because "the district court does not review internal agency-level proceedings, it will not address whether the ALJ complied with the specific provisions of the Appeals Council's order of remand."  *Riddle v. Astrue*, No. 06– 00004, 2009 WL 804056, at * 19 (M.D. Tenn. Mar. 25, 2009), *citing Dyer v. Sec'y of H.H.S.*, 889 F.2d 682, 684 (6th Cir.1989); *see also Dishman v. Astrue*, No. 4:08–cv–58, 2009 WL 2823653, at *11 (E.D. Tenn. Aug. 27, 2009); *Brown v. Comm'r of Soc. Sec.*, No. 1:08-cv-183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009) ("By failing to remand the matter a second time, it appears the Appeals Council considered the ALJ's [decision] to be in compliance with the Council's previous order of remand [ ] Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process."); *Bass v. Astrue,* No. 1:06–cv–591, 2008 WL 3413299, at *4 (M.D.N.C. Aug. 8, 2008). Based on the foregoing, the undersigned's review is limited to a review of the ALJ's decision and not a review of the ALJ's compliance with the Appeals Council's Order of Remand.

Plaintiff complains that the ALJ did not comply with the treating source rule when she discounted the opinion of licensed professional counselor, Deanne Hodgson, MA, LLPC.  With respect to Ms. Hodgson's opinion, the ALJ opined:

> In June 2009, Ms. Hodgson also completed a medical source statement form regarding the claimant's mental impairments. On this form, Ms. Hodgson checked boxes to indicate that the claimant had marked limitations in his abilities to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a

schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruption from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; ask simple questions or request assistance; and accept instructions and respond appropriately to criticism from supervisors. Ms. Hodgson also noted that the claimant had moderate limitations in nearly every other functional area (Ex. 15F/29). The undersigned gives little weight to Ms. Hodgson's opinion because it is inconsistent with the medical evidence and the record as a whole, including Ms. Hodgson's own relatively unremarkable treatment notes and mental status examination findings. Furthermore, as a licensed professional counselor, Ms. Hodgson is not an acceptable medical source. Again, non-acceptable medical source opinions are generally afforded less weight when opinions are available from acceptable medical sources (20 CFR 404.1513(d), and 20 CFR 416.913(d); SSR 06-3p).

(Tr. 427-428.)

An ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Under the regulations, a "treating source" entitled to controlling weight includes physicians, psychologists, or other "acceptable medical source[s]." *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

8

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at \*5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)).   An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation."   *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).   Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at \*5 (1996)).   The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight.  *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions

9

from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Here, there is no dispute that Ms. Hodgson had an established relationship with plaintiff. Nevertheless, as this court has concluded before, Limited Licensed Professional Counselors are not "acceptable medical sources" under the Regulations, so Ms. Hodgson's opinion is not entitled to controlling weight under the treating physician rule. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). However, Ms. Hodgson is an 'other source,' 20 C.F.R. § 404.1513(d)(1), who is entitled to consideration due to her expertise and long-term relationship with plaintiff. Further, this court has frequently noted that plaintiff's situation is not unique; "many unemployed disability applicants receive treatment at clinics that render care to low income patients by providing mental health treatment through such counselors. The practical realities of treatment for those seeking disability benefits underscore the importance of addressing the opinion of a mental health counselor as a valid 'other source' providing ongoing care." Nevertheless, the "good reason" requirement of 20 C.F.R. § 404.1527(d)(2) applies only to the opinions of "treating sources" (i.e., a physician, psychologist or other acceptable medical source who has provided medical treatment or evaluation) and not to the opinions of other "medical sources" such as a counselor (i.e., "other health care providers who are not acceptable medical sources"). *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007). Thus, "the deferential reason-giving requirements for the rejection of a treating-source opinion necessarily do not apply where the source in question is not an 'acceptable medical source.'" *Burke ex rel. A.R.B. v. Astrue*, No. 6:07–cv–376, 2008 WL 1771923, at *7 (E.D. Ky. April 17, 2008). Because Ms. Hodgson is not an acceptable medical source, the ALJ was neither required to give her opinion "complete deference" nor subject to the "good reason" requirement of §

404.1527(d)(2). *See Miller v. Comm'r of Soc. Sec.,* No. 1:08-CV-1022, 2010 WL 502761, at \*5 (W.D. Mich. Feb. 5, 2010); *see also Smith*, 482 F.3d at 876; *Burke ex rel. A.R.B.*, 2008 WL 1771923, at \*7.   For the above reasons, the undersigned finds that the ALJ did not err in assessing Ms. Hodgson's opinion.

Plaintiff additionally contests the manner in which the ALJ weighed the opinion of treating psychiatrist, Dr. Munawar Ahmad.  Dr. Ahmad opined that plaintiff had not been able to keep a job for the past year or so, and that he was "not able to keep [a] job because of job stresses and emotional issues," including severe anxiety, depression, and panic attacks.  (Tr. 281.)   In discounting Dr. Ahmad's opinion, the ALJ noted that such statements were not medical opinions but rather administrative findings reserved for the Commissioner.   (Tr. 426-27.) Although such statements must be considered, they are never entitled to controlling weight or special significance, even when offered by a treating source. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) ("Subsection ([d])(3) further elaborates that no 'special significance' will be given to opinions of disability, even if they come from a treating physician. 20 C.F.R. § 404.1527([d])(3)."); SSR 96-5p.   The ALJ also gave little weight to Dr. Ahmad's opinion because it was "inconsistent with the medical evidence and the record as a whole, including Dr. Ahmad's own relatively unremarkable treatment notes, which reveal improvement with regular treatment and medication usage." (Tr. 427.)  The ALJ continued, "Dr. Ahmad's opinion appears to be based quite heavily on the claimant's subjective report of symptoms and limitations, and he seemed to uncritically accept as true most, if not all, of what the claimant reported." (*Id*.)

First, the undersigned finds Dr. Ahmad's August 27, 2007 psychiatric report to be an opinion entitled to controlling weight under 20 C.F.R. § 404.1527(d)(3).  (Tr. 280-282.)  The report indicates that it is to be used to assist in "determining the extent of [plaintiff's] disability

11

as it relates to employability." (Tr. 281.)  While the undersigned agrees with the Commissioner that opinions on issues reserved to Commissioner are not medical opinions that require explicit consideration by the ALJ, here, Dr. Ahmad offered a medical opinion as defined by SSR 06-3p, 2006 WL 2329939, at *2 (2006); *see Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009).

"Medical opinions are statements from physicians and psychologists or other 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions."  SSR 06-3p, 2006 WL 2329939, at *2 (2006).  Here, the Commissioner sets forth some evidence regarding the positive benefits plaintiff experienced when taking prescription medication as a reason to discount Dr. Ahmad's opinion. Yet of significance is the fact that the ALJ does not specifically discuss how Dr. Ahmad's psychiatric report, which notes plaintiff's persistent panic attacks, is inconsistent with the medical evidence as a whole, or why Dr. Ahmad's report is "unremarkable."  (Tr. 280-282.) In fact, on the date of the psychiatric examination report, Dr. Ahmad noted that plaintiff was still experiencing 1-2 panic attacks per week while taking Lexapro (20 mg daily) together with Xanax 0-5 mg twice per day.  (Tr. 281.)  For these reasons, the undersigned believes that the wholesale discounting of Dr. Ahmad's opinion by the ALJ has not been adequately justified under the controlling weight test and thus mandates a remand for a proper evaluation of the treating physician's opinion under *Gayheart*, 710 F.3d at 376-77.

Plaintiff has also argued that the ALJ improperly weighed the opinions of social worker, Melissa Maxwell, consulting psychologist Mark Garner, PhD, and consulting examiner Mark Zaroff, PhD.  However, because the undersigned has concluded that a remand is appropriate on

Dr. Ahmad's opinion, which will necessarily require the ALJ to reevaluate Dr. Ahmad's opinion against the other medical source opinions, the undersigned will not engage in an analysis of plaintiff's other arguments at this point.

### 2.      *Vocational Testimony*

Plaintiff's next argument is that ALJ Eiler failed to consider the undisputed medical evidence and vocational testimony regarding plaintiff's panic attacks.   Plaintiff identifies the following evidence that he suffers from panic attacks at least one time per week:

> Melissa Maxwell, MSW 01/09/2007 (Tr. 283)
> Mark Garner, PhD 07/27/2007 (Tr. 263)
> Munawar Ahmad 08/27/2007 (Tr. 281)
> Deanne Hogdson, LLP 10/29/2008 (Tr. 353)
> Mark Zaroff, PhD 09/29/2009 (Tr. 381)
> Phil Sweet, NP 02/09/2011 (Tr. 652)

*See* Dkt. 15, Pl's Br., Pg ID 810.  Plaintiff also noted that at the first administrative hearing vocational expert, Michelle Robb, testified that if an individual was having panic attacks where he missed one day per week, that restriction would preclude all employment.   (Tr. 11-2, Tr. 68.) Ms. Robb further testified that an employer would generally only allow one absence per month before an individual's employment would be affected. (*Id.*)  Finally, Ms. Robb testified that if an individual had panic attacks that required him to stop activity for 20-30 minutes, 1-3 times per day, this limitation would lead to termination.  (*Id.*)   At the second administrative hearing, vocational expert Kenneth Browde testified that if an individual missed one day per week on an unscheduled basis as a result of panic attacks or other symptoms, all employment would be precluded. (Tr. 495, 496.)   Mr. Browde further testified that if an individual, as a result of panic or anxiety symptoms, was off-task approximately 30 minutes per day on an unscheduled basis, all employment would be precluded.  (Tr. 496.)

The undersigned has concluded that a remand is necessary for the ALJ to conduct a proper analysis of Dr. Munawar Ahmad's treating source opinion. That analysis, together with a reweighing of the other source opinions, may lead to different residual functional capacity assessment in this case. As noted above, one of the significant aspects of Dr. Ahmad's conclusions was plaintiff's chronic history of panic attacks, even when taking prescription medications. On remand, the ALJ must explain how Dr. Ahmad's conclusions, the additional evidence of plaintiff's chronic history of panic attacks in the record, together with  the vocational experts' testimony, do not preclude all gainful employment.

## VI.     CONCLUSION

For the reasons stated herein, the Court should GRANT Plaintiff's Motion for Summary Judgment (docket no. 15) and DENY Defendant's Motion for Summary Judgment (docket no. 18), and REVERSE and REMAND the decision of the Commissioner for further proceedings consistent with this report and recommendation.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 9, 2016                             s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE



### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 9, 2016                             s/ Lisa C. Bartlett
                                                  Case Manager