UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC E. SCHALK,

        Plaintiff,                  Case Number 15-12133
                                                Honorable David M. Lawson
v.                                                  Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND REVERSING AND REMANDING THE
DECISION OF THE COMMISSIONER FOR FURTHER PROCEEDINGS**

The plaintiff filed the present action on June 11, 2015 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability under Titles II and XVI of the Social Security Act for disability insurance benefits and supplemental security income, respectively. The plaintiff filed this action after previously seeking judicial review of an unfavorable decision by the Commissioner, and following a remand by this Court for further consideration. The judgment in the previous case was entered by another judge of this district, and, therefore, the present action should have been identified as a companion case and reassigned to the original judge. *See* E.D. Mich. LR 83.11(b)(7)(A)(iii). However, the original judge refused to accept the transfer.

The present case was referred to United States Magistrate Judge Mona K. Majzoub, the assigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for an award of benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge

Majzoub filed a report on August 9, 2016 recommending that the plaintiff's motion for summary judgment be granted in part, the defendant's motion for summary judgment be denied, the decision of the Commissioner be reversed, and the matter be remanded for further proceedings. The defendant filed timely objections to the recommendation and the plaintiff filed a response to the defendant's objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the defendant's objections, and the plaintiff's response, and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 43 years old, filed his protective applications for disability insurance benefits and supplemental security income on May 22, 2007, when he was 34. The plaintiff completed the twelfth grade, and previously worked as a cook, an auto parts inspector, a retail groundskeeper, a hospital housekeeper, a security guard, and a bus driver. In the original applications that are the subject of the present appeal, the plaintiff alleged a disability onset date of August 1, 2006. He later amended his applications to allege an onset date of January 9, 2007. The plaintiff has been diagnosed with affective disorder and anxiety disorder. He testified at the second administrative hearing that he suffers from panic attacks that occur two to three times per week. The panic attacks last approximately 15 minutes, and they interfere with his driving. They also are provoked when he is in the presence of even a few people.

The plaintiff's applications for disability benefits and supplemental security income were denied initially on August 1, 2007. The plaintiff timely filed a request for an administrative hearing, and on August 12, 2009, the plaintiff appeared before Administrative Law Judge (ALJ) Peter N. Dowd. On December 8, 2009, ALJ Dowd issued a written decision in which he found that the plaintiff was not disabled. On September 2, 2010, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed his complaint seeking judicial review on September 30, 2010. On September 22, 2011, another judge in this district granted the plaintiff's motion for summary judgment and remanded the case to the ALJ to comply with the procedural requirements of the treating source rule. On September 10, 2013, the plaintiff appeared before ALJ

Kathleen H. Eiler. On December 6, 2013, ALJ Eiler issued a written decision in which she found that the plaintiff was not entitled to benefits because he was capable of performing a limited range of work at all exertional levels that exists in significant numbers in the national economy. The Appeals Council denied the plaintiff's request for review of the ALJ's decision on April 13, 2015, and thereafter the plaintiff timely filed his second complaint seeking judicial review.

ALJ Eiler reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. She found that the plaintiff had not engaged in substantial gainful activity since January 9, 2007, even though he did perform some work thereafter (step one); the plaintiff suffered from affective disorder and anxiety disorder, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work, which the ALJ found required light to medium exertion, and was unskilled and semi-skilled (step four).

In applying the fourth and fifth steps, the ALJ concluded that the plaintiff had the residual functional capacity to perform a range of work at all exertional levels reduced by the following non-exertional limitations: the claimant can perform only simple, routine, repetitive tasks with minimal changes in a routine work setting and no production rate pace work. The claimant can occasionally interact with supervisors, but should have no more than minimal superficial interaction with coworkers, and no interaction with the general public.

A vocational expert (VE) testified that the plaintiff would be able to perform the requirements of representative occupations in the regional and national economies such as kitchen helper (274,698 jobs nationally), housekeeping cleaner (131,353 jobs nationally), and hand packager

(57,481 jobs nationally).   Based on those findings, and considering the plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  However, the VE also testified that if the claimant was off task fifteen percent of each day, or had one day each week of an unscheduled absence, all work would be precluded.

The magistrate judge reported that the ALJ failed to address properly an opinion by one of the plaintiff's treating psychiatrists, and therefore a remand was required to remedy that fault.  The defendant insists that the opinion does not amount to a "medical opinion" within the meaning of 20 C.F.R. § 404.1527(a)(2), but rather is an opinion on an item reserved to the Commissioner per 20 C.F.R. § 404.1527(d)(1).

The evidence that is the focus of the dispute is a form submitted by the Michigan Family Independence Agency to Dr. Munawar Ahmad, the plaintiff's treating psychiatrist, which Dr. Ahmad completed on  August 27, 2007.  The purpose of the form, according to its instructions, was "to assist the FIA in determining the extent of this client's disability as it relates to employability."
 Tr. 281.  Responding to stated questions, Dr. Ahmad wrote that Mr. Schalk was:

> "34 years old male[,] casual dress and grooming.  He is seen for meds.  Review every 3 months.  He has 12th grade education.  History of sporadic employment.  Not able to keep job because of job stress and emotional issues.
>
> Over ten years history of panic attacks and anxiety.  Has been receiving mental health services here since 2003.  Received psych. meds through family doctor earlier. Chronic problem with severe anxiety/depression/panic attacks and because of that he has not been able to keep a job.
>
> Presently on Lexipro 20 mg daily and Xanax 0.5 mg TID.  I see him for medication review every 3 months.

> Currently reports nervousness, high anxiety, fatigue, chronic depression. Reports poor sleep. No wt. loss. No history of psychosis. Still has panic attacks 1-2 per week.
>
> Reports some impairment of memory.
>
> Patient usually does not go out a lot. He is able to take care of his basic needs. However, he has not been able to work for past years or so.

Tr. 281-82. Dr. Ahmed diagnosed Mr. Schalk with (1) panic disorder with agoraphobia; (2) anxiety disorder; and (3) depressive disorder, and assessed his global assessment of functioning (GAF) at 40. Tr. 282.

The defendant objects to the magistrate judge's finding that the August 27, 2007 psychiatric report provided by Dr. Munawar Ahmad, M.D. is entitled to controlling weight. The defendant points out correctly that the magistrate judge cited the wrong section of the regulations, 20 C.F.R. § 1527(d)(3), instead of 20 C.F.R. § 1527(c)(2). R&R at 11. The defendant argues that her position that Dr. Ahmad's statement is not a medical opinion is further supported by the form Dr. Ahmad used to make his observations about the plaintiff, which was provided by a state program that has different rules about disability than the Social Security regulations. The defendant contends that the state form purports to determine the extent of disability as it relates to employability, rather than the nature, severity, and limiting effects of the plaintiff's impairments.

The plaintiff argues that Dr. Ahmad's opinion that the plaintiff suffers from one to two panic attacks per week despite treatment reflects judgments about the nature and severity of the plaintiff's mental illness.

The Secretary defines medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite

-6-

impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). "The Commissioner has elected to impose certain standards on the treatment of medical source evidence." *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011) (citing 20 C.F.R. § 404.1502). The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.,* 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984).

However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective medical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical or other medical evidence in the record. *See Casey v. Sec'y of*

*Health & Human Servs.,* 987 F.2d 1230, 1234-35 (6th Cir. 1993). To that end, the Secretary has declared that "[o]pinions on some issues . . . are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). The regulations explain:

> We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. § 404.1527(d)(1).

The regulations make clear that the Commissioner will not be bound by a treating physician's opinion that a claimant is unable to work. But the mere inclusion of such an observation in a medical source's description of a claimant's limitations will not disqualify the statement as a medical opinion entitled to substantial deference under 20 C.F.R. § 404.1527(c)(2). Here, Dr. Ahmad's statement described fully the nature of Mr. Schalk's panic attacks, describing them as "chronic" and "severe" — so severe and so frequent (one to two per week), he explained, that Mr. Schalk was unable to keep a job. Those statements did not amount to an opinion on disability, which would be reserved to the Commissioner. Instead, they more closely resembled "statements from [a] physician[] . . . that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual [cannot, and] can still do despite the impairment(s), and physical and mental restrictions." Social Security Ruling (SSR) 06-03P 2006 WL 2329939, at *2 (2006).

The magistrate judge properly determined that Dr. Ahmad's report in the record amounted to a medical opinion within the meaning of 20 C.F.R. § 404.1527(a)(2). The defendant's first objection will be overruled.

Next, the defendant argues that even though the ALJ was not required to provide good reasons for discounting Dr. Ahmad's opinion, she nonetheless did. The defendant maintains that the ALJ gave Dr. Ahmad's opinion little weight because it was inconsistent with the medical evidence and the record as a whole, including Dr. Ahmad's own "unremarkable" treatment notes, which revealed improvement with regular treatment and medication usage. The defendant argues that the plaintiff himself reported that his conditions were improving. Moreover, Dr. Ahmad did not examine the plaintiff on the day he filled out the report. The ALJ noted that Dr. Ahmad's opinion appeared to be based heavily on the plaintiff's subjective report of symptoms and limitations, which the defendant argues Dr. Ahmad uncritically accepted.

If an ALJ is unpersuaded by a medical opinion, he "is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Gayheart Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). To enable appellate review of the ALJ's decision, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Ibid.* (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

As the plaintiff observes, the defendant does not contest that Dr. Ahmad opined that Mr. Schalk was experiencing one to two panic attacks per week despite four years of treatment. And the defendant's contention that Dr. Ahmad's treatment notes were unremarkable is undermined by

-9-

failing to cite any medical evidence to support that position. The defendant contends that even if the ALJ did not give specific reasons for discounting Dr. Ahmad's report specifically, those reasons can be divined from the ALJ's decision as a whole. The defendant suggests that the opinion was inconsistent with other record evidence, and points to a 2003 psychiatric evaluation indicating that when taking Paxil, Mr. Schalk's depression and the frequency of panic attacks were reduced, and his agoraphobic behavior "seem[ed] to have significantly resolved." Def.'s obj. at 6 (citing Tr. 222-24). That observation provides little insight, of course, since the claimed disability onset date was not until January 9, 2007. The defendant also refers to a statement that as of March 2006 the plaintiff was doing "very well," with only minor anxieties after he stopped taking Lexapro. *Ibid.* (citing Tr. 244). However, Mr. Schelk reported "pretty much daily" panic attacks as of November 2006, Tr. 242, and his symptoms did not improve until he restarted Lexapro, Tr. 239.

It is true that the ALJ properly considered the plaintiff's hearing testimony — that his panic attacks occurred two to three times per week — as inconsistent with the medical record reports of attacks at a rate of no more than one to two per week. And that inconsistency could bear on the plaintiff's credibility. But it does not undermine Dr. Ahmad's opinion, which is congruent with other reports in the record. And it likely would not change a disability determination based on the VE's opinion that attacks such at a frequency could render the plaintiff unemployable.

The plaintiff argues that the defendant merely relies on the ALJ's statements of record inconsistency and "unremarkable" treatment notes to disregard every treating medical provider's opinion. The plaintiff asserts that it was this failure of a previous ALJ to provide any rationale for rejecting the treating opinions that caused this matter to be remanded in the first instance. The defendant also argues that Dr. Ahmad's opinion should be disregarded because he did not examine

-10-

the plaintiff on the day the report was completed. However, it appears that Dr. Ahmad's report was based on four years of treating the plaintiff for panic attacks, social anxiety, and depression.

The defendant has not pointed to any evidence in the record that the plaintiff does not suffer from panic attacks, or that the panic attacks are so infrequent that they would not interfere with competitive employment. The ALJ's rejection of Dr. Ahmad's report and his opinions contained in that report are not supported by sufficient reasons. The Sixth Circuit has held that reversal is required in a Social Security disability benefits case where the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work and fails to give good reasons for not giving weight to the opinion. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). There, the court stated that "pursuant to [20 C.F.R. § 404.1527(c)(2)], a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996). The error is not harmless when the reviewing court is hampered by the lack of explanation and the rejected evidence could very well establish disability, as here.

The defendant's second objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #22] is **ADOPTED**.

It is further **ORDERED** that the defendant's objections [dkt. #23] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #15] is **GRANTED IN PART**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #18] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED**, and the matter is **REMANDED** to the Commissioner for further proceedings.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 19, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 19, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI